IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Crews

Civil Action No. 1:19-cv-01345-PAB-SKC

DEANNE SAMMOND, PhD,

    Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

    Defendant.

## DISCOVERY ORDER

This order addresses the simultaneous discovery briefs filed by the parties on November 11, 2019 [#49 (Plaintiff's Discovery Brief) and #50 (Defendant's Discovery Brief)].[1] Those briefs address the issue of whether Defendant's Requests for Admissions ("RFAs") served on Plaintiff are deemed admitted. The Court has reviewed the briefs, relevant case law, and docket filings.[2] No hearing is necessary to resolve this dispute. The Court construes this dispute as raising two issues: (1) whether Defendant's RFAs are deemed admitted; and, if so, (2) whether Plaintiff may withdraw or amend the admissions.

---

[1] The Court uses "[# __ ]" to refer to filings in the electronic CM/ECF Docket.
[2] Defendant styled its discovery brief as a "Motion." [#50.] The Court, however, ordered the parties to file "Discovery Briefs," not motions. [#48 at ¶2.] Thus, the Court construes #50 as Defendant's Discovery Brief. The parties are reminded that there is a distinction between a discovery brief and a motion. When the Court orders "discovery briefs," the parties' filings should be styled as such.

## A. BACKGROUND

This case arises out of Plaintiff Deanne Sammond's ("Dr. Sammond") employment as a post-doctoral researcher and Researcher III for Defendant Alliance for Sustainable Energy, LLC ("Alliance"). Alliance discharged Dr. Sammond on May 21, 2019. Dr. Sammond alleges her discharge was in retaliation for her prior complaints of sex discrimination. She brings five claims against Alliance under Title VIII and the Colorado Anti-Discrimination Act ("CADA") for sex discrimination, retaliation, and wrongful discharge in violation of public policy. Alliance contends that Dr. Sammond was discharged because she sent an email disparaging her colleagues. This discovery dispute arises out of Dr. Sammond's untimely response to Alliance's three RFAs. [#48 at ¶2.]

Alliance served its first set of discovery requests, including three RFAs, on Dr. Sammond's counsel by email on September 18, 2019. [#49-1 at p.11.] Dr. Sammond's responses were due October 18, 2019. [#50 at p.1.] Two days before the deadline, Dr. Sammond asked Alliance to agree to extend her deadline to respond to the RFAs. [#49 at p.2.] The reason defense counsel gave for the extension was that, "until shortly before [the deadline to respond], he mistakenly thought that he could complete them on time." [*Id.*] Alliance did not agree to the extension. Dr. Sammond then filed her "First Motion for Extension of Time to Respond to Alliance's First Set of Discovery" on October 18, 2019, which was the day her responses were due. [*Id.*; *see also* #44.]

The Court denied that motion on October 21, 2019, for failure to comply with Chief Judge Brimmer's practice standards. [#46.] Dr. Sammond then served her responses to Alliance's discovery requests on October 22, 2019, four days after her deadline. [#50 at

p.2.] In those responses, rather than specifically admit or deny each RFA, she only raised "frivolous objections on grounds of relevance and attorney-client privilege," according to Alliance. [#50-2 at pp. 19-20.] For these reasons, Alliance asserts that all three RFAs are automatically deemed admitted per Fed. R. Civ. P. 36(a)(3).

The disputed RFAs and responses are as follows:

**REQUEST FOR ADMISSION NO. 1**: Admit that your counsel drafted the May 9, 2019 [e]mail.

**RESPONSE**: Plaintiff objects to this interrogatory on the basis that it seeks to discover privileged attorney-client communications, and that it seeks to discover information protected by the attorney work-product doctrine. Plaintiff further objects on the basis that the identity of the drafter is no (sic) relevant to any claim or defense in this action. The dispute regarding the email is whether it is protected activity under the CADA and Title VII. That analysis is not changed identifying [sic] the drafter.

* * *

**REQUEST FOR ADMISSION NO. 2**: Admit that at least one co-worker at Alliance cautioned you not to send the May 9, 2019 [e]mail before you sent it.

**RESPONSE**: Plaintiff objects on the basis that this request seeks information not relevant to any claim or defense in this case. The dispute regarding the email is whether it is protected activity under the CADA and Title VII. Whether a co-worker cautioned Plaintiff or not is not relevant to that analysis.

* * *

**REQUEST FOR ADMISSION NO. 3**: Admit that you told at least one co-worker at Alliance that your attorney suggested that you send the May 9, 2019 [e]mail.

**RESPONSE**: Plaintiff objects to this interrogatory on the basis that it seeks to discovery (sic) privileged attorney-client communications. Additionally, had Plaintiff made such a statement, it would not constitute knowing and voluntary waiver of the privilege, hence the information sought in this request is not relevant.

[#50-2 at pp. 19-20.] The Court now turns to the issues presented in the briefs.

## B. DISCUSSION

**1. Whether Alliance Properly Served its Discovery Requests**

As a threshold issue, Dr. Sammond asserts that Alliance did not properly serve its discovery requests because it sent them to counsel by email. [#49 at p.3.] She further argues that Fed. R. Civ. P. 5(b)(2)(E) allows for electronic service of discovery requests only if the receiving party gives prior written consent. [*Id.*] She goes on to claim that she did not consent to service by email, and therefore, Alliance did not properly serve its discovery requests. Based on this logic, Dr. Sammond's concludes that because Alliance did not properly serve its discovery requests, "the provision of Fed. R. Civ. P. 26(a)(3) stating requests are admitted unless objected to or denied within 30 days of service does not apply." [*Id.* at pp. 3-4.] In response, Alliance argues that its requests were properly served under Local Rule 5.3(c). [#50 at p.3.] That rule mandates that "written discovery requests and responses <u>shall be exchanged by private e-mail</u> or other non-paper means." D.C.COLO.LCivR 5.3(c) (emphasis added).

The Court finds Dr. Sammond's position disingenuous, bordering on frivolous. When Dr. Sammond filed her motion for extension of time on October 18, 2019, she acknowledged that "Alliance <u>served</u> its first set of discovery requests" on September 18, 2019. [#44 at p.1 (emphasis added).] That service was by email. [#50 at p.1.] Dr. Sammond further conceded the adequacy of the email service by asserting that her response deadline was October 18, 2019—30 days from the date her counsel was served by email. [*See* #44.] Dr. Sammond did not contest the adequacy of service when she

4

sought an extension of her response deadline. [*See generally id.*] The fact that she raises it now can only be construed as an attempt to pivot from the consequences of her untimely responses. Because Dr. Sammond previously acknowledged the adequacy of service, she has waived her ability to challenge it now.[3]

**2.     Whether the RFAs were Automatically Deemed Admitted**

Rule 36(a) provides that "[a] party may serve upon any other party a written request to admit" the truth of certain matters. Fed. R. Civ. P. 36(a)(1). "[R]equests for admission are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties." *Kang Kyu Seo v. Moon Suk Oh*, No. 18-785 (RDM), 2019 WL 4711404 at *3 (D.D.C. Sept. 26, 2019) (citing Fed. R. Civ. P. 36(a)(3)). Here, Dr. Sammond failed to object to the RFAs within 30 days of service. Thus, pursuant to Rule 36(a), all the three RFAs are automatically deemed admitted. Fed. R. Civ. P. 36(a)(3).

**3.     Whether Dr. Sammond May Withdraw the Admissions**

In the alternative to her email-service argument, Dr. Sammond asks the Court to let her withdraw her admissions. [#49 at pp.4-5.] Once a matter is deemed admitted, the court may allow withdrawal of the admissions if withdrawal "would promote the

---

[3] Even had Dr. Sammond not waived her ability to challenge email service, the Court perceives no conflict between Fed. R. Civ. P. 5(b)(2)(E) and D.C.COLO.LCivR 5.3(c). When signing the application to be admitted to the bar of the U.S. District Court for the District of Colorado, the attorney certifies that they have read and are familiar with the Local Rules of this court and that they will comply with those rules. Thus, in this judicial district, the attorneys written consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E) is given at the time the attorney signs their application for admission to the bar of this court.

5

presentation of the merits of the action;" also, the court must be persuaded that withdrawal would not prejudice the party who benefits from the admissions. *See* Fed. R. Civ. P. 36(b); *see also Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). The first part of the test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002)). The burden to establish these points is on the party seeking to withdraw their admissions. *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991) (the burden on the Rule 36(b)'s first element rests on the party moving to withdraw the admissions).

Here, the admissions at issue concern one email Dr. Sammond sent to her co-workers. Alliance claims that this email caused disruption among Dr. Sammond's co-workers and "resulted in her removal from the worksite and ultimate discharge" the next day. [#50 at p.4.] The email is relevant to Alliance's defense, which appears to be that it had a legitimate reason for terminating Dr. Sammond's employment based on the email. [#41 at p. 9 ("At all times, Alliance acted within the scope of its business judgment.").] For example, in the Scheduling Order, Alliance states:

> On May 9, 2019, Dr. Sammond sent an email drafted by her attorney from her work account during work hours to approximately 340 employees, at both the management and nonmanagement level, that included false and defamatory accusations against several current NREL employees. The email disparaged her work colleagues. Dr. Sammond sent the mass email without any regard for her colleagues, their reputation, or the impact such defamatory comments would have on the workplace. Dr. Sammond's email mischaracterized her employment situation and attached a copy of the Complaint filed in this matter. The overwhelming majority of the employees

6

> who received Dr. Sammond's email had no background or knowledge of her allegations.
>
> Dr. Sammond's attempts to sabotage the workplace environment appeared to have three purposes: to cause as much disruption as possible in the workplace; to disparage and defame Dr. Sammond's colleagues with false allegations, and to tamper with witnesses by distributing false information.

[#17 at p.4.]

In relevant part, Dr. Sammond's sex discrimination claims allege she was denied a promotion. [#13 at ¶¶38 and 46.] Failure to promote claims under Title VII follow the burden-shifting framework established under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973); *see also Tran v. Sonic Industries Services, Inc.*, 490 Fed. Appx. 115, 118 (10th Cir. 2012) (applying the *McDonnell Douglas* burden-shifting framework to a failure to promote claim under Title VII). Under that framework, the plaintiff "must carry the initial burden under [Title VII] of establishing a prima facie case" of prohibited discrimination. *McDonnell Douglas*, 411 U.S. at 802. "The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* The plaintiff must then show that the employer's stated reasons are pretextual. *Id.* at 804. Under this framework, "the burden of production shifts from the plaintiff to the defendant and back to the plaintiff." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 969 (10th Cir. 2017). "But the plaintiff bears the ultimate burden of persuasion to show discrimination." *Id.*; *see also Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir.1993) (citing *Sorensen v. City of Aurora*, 984 F.2d 349, 353 (10th Cir.1993)). The same framework applies to Dr. Sammond's retaliation claims. *Berry v. Gen. Motors Corp.*, 838 F. Supp. 1479, 1497 (D. Kan. 1993), *aff'd*, 56 F.3d 1233 (10th

Cir. 1995) ("The *McDonnell Douglas* shifting burden of proof scheme applies to retaliation claims under Title VII.").

Based on the *McDonnell Douglas* framework, the Court does not find that upholding the admissions would practically eliminate any presentation of the merits of the case. The RFAs now deemed admitted simply establish that: (1) Dr. Sammond's lawyer drafted the email; (2) a co-worker cautioned her not to send the email; and (3) Dr. Sammond told a co-worker that her lawyer suggested she send the email. These admissions, which are relevant and proportional for discovery purposes to Alliance's defense, do not confess the merits of any claim or defense. They do not rob Dr. Sammond of the ability to establish her prima facie case of discrimination or retaliation, her ability to show pretext, or her ability to satisfy her ultimate burden of persuasion under *McDonnell Douglas.* Likewise, in her brief, Dr. Sammond makes no attempt to argue that upholding the admissions would practically eliminate presentation of the merits of the case.[4] [*See* #49.] Because Dr. Sammond has not established the first element, the Court does not reach the second.

### C. CONCLUSION

Based on the above, it is ORDERED that RFAs 1 - 3 are deemed admitted under Fed. R. Civ. P. 36(a)(3) and may not be withdrawn or amended. It is FURTHER

---

[4] As Dr. Sammond points out, some courts allow withdrawal of admissions when "through an honest error a party makes an improvident admission." *Ropfogel*, 138 F.R.D. at 583; *see also Howard v. Sterchi*, 725 F. Supp. 1572, 1577 (N.D. Ga. 1989) (withdrawal allowed when admissions made in haste and under certain faulty assumptions.). Here, however, Dr. Sammond made no admissions whatsoever, improvident or otherwise. [*See* #50-2 at pp.19-20.] All she did was raise untimely objections. [*Id.*] Therefore, she is no position to avail herself of exceptions for improvident admissions.

ORDERED that Dr. Sammond is precluded from presenting any evidence contrary to the admissions in any remaining pleadings or at trial.

DATED: November 19, 2019

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge